## LUCAS COUNTY COMMON PLEAS COURT
### CASE DESIGNATION

TO:  **Bernie Quilter, Clerk of Courts**

**The following type of case is being filed:**

**Professional Malpractice**
☐ Legal Malpractice (L)
☐ Medical Malpractice (M)

**Product Liability (B)**
☐

**Other Tort (C)**
☐

**Workers' Compensation**
☐ State Funded (D)
☐ Self Insured (K)

**Administrative Appeal (F)**
☐

**Commercial Docket**
☐

CASE N  **G-4801-CI-0201705238-000**

JUDGE  **Judge**
**LINDA J. JENNINGS**

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
☐ Consumer Fraud (N)    ☐ Forfeiture
☐ Appropriation (P)    ☐ Court Ordered
☒ Other Civil (H)    Certificate of Title

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal.  The previously filed case number was CI_____

This case is a Declaratory Judgment case with a personal injury or related case currently pending.  The pending case number is _____, assigned to Judge _____

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case.  This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number.  The Judge who would receive the consolidated case may accept or deny consolidation of the case.  Both Judges will sign this designation sheet to indicate the action taken.  If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed.  If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number_____ Assigned Judge_____

_____    _____
Approve/Deny          Date    Approve/Deny          Date

**Attorney**
**Address**   ~~ADRAY & ORNA~~
~~709 Madison Ave., Suite 209~~
~~P. O. Box 1686~~
**Telephone**   ~~Toledo, Ohio 43602-1686~~

**EXHIBIT**

B





FILED
LUCAS COUNTY

2017 DEC 28  PM 2:43

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| **JANNIE BARTON** | * | CASE NO |
| 3415 S. Detroit | | **G-4801-CI-0201705238-000** |
| Toledo, Ohio 43607 | * | **Judge** |
| | | **LINDA J. JENNINGS** |
| Plaintiff | * | |
| | * | |
| | * | **COMPLAINT WITH JURY DEMAND** |
| -vs- | * | |
| **ALLSTATE PROPERTY AND** | * | **ADRAY & GRNA** |
| **CASUALTY INSURANCE COMPANY** | | Daniel H. Grna |
| c/o CT Corporation Resident Agent | * | P.O. Box 1686 |
| 4400 Easton Commons Way | | Toledo, Ohio 43613-1686 |
| Columbus, Ohio 43219 | * | (419) 241-2000 |
| | | Fax: (419) 241-2148 |
| and | * | Email: dan@adray-grna.com |
| | * | |
| **ALLSTATE FIRE AND** | * | |
| **CASUALTY INSURANCE COMPANY** | | |
| c/o CT Corporation Resident Agent | * | |
| 4400 Easton Commons Way | | |
| Columbus, Ohio 43219 | * | |
| | | |
| and | * | |

**OCWEN LOAN SERVICING LLC**　　　*
1661 Worthington
Suite 100　　　　　　　　　　　　*
West Palm Beach, Florida 33409
　　　　　　　　　　　　　　　　*
and
　　　　　　　　　　　　　　　　*
**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC**　　*
**(MERS)** solely as nominee for **PEOPLE's**
**CHOICE HOME LOAN, INC.**　　　*
P.O. Box 2026
Flint, Michigan 48501　　　　　　*

and　　　　　　　　　　　　　　*

**HSBC BANK USA, NATIONAL**　　　*
**ASSOCIATION** as indenture Trustee
for **PEOPLE'S CHOICE HOME LOAN**　*
**SECURITIES TRUST SERIES**
**2005-2 at OCWEN LOAN SERVICING**　*
**LLC**
1661 Worthington, Suite 100　　　*
West Palm Beach, Florida 33409
　　　　　　　　　　　　　　　　*
and
　　　　　　　　　　　　　　　　*
**PEOPLE'S CHOICE HOME LOAN, INC.**
7515 Irvine Center Drive　　　　*
Irvine, California 92618
　　　　　　　　　　　　　　　　*
and
　　　　　　　　　　　　　　　　*
**ALLY**
P.O. Box 380902　　　　　　　　*
Bloomington, MN 55408-0902
　　　　　　　　　　　　　　　　*
　　　　　　Defendants
　　　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COUNT ONE

Now comes the plaintiff, **JANNIE BARTON** (hereafter **BARTON**) and states as follows for her complaint against **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** (hereafter **ALLSTATE PROPERTY**)

(1)     At all times material hereto **BARTON** was the owner of the real estate located at 381 Woodward, Toledo, Ohio 43602 and more particularly described as

Lot number eleven (11) in Washington Village Plat 2, a Subdivision in the City of Toledo, Lucas County, Ohio

16-06944

(2)     That at all material times hereto said property consisted of a lot improved with a building(s)

(3)     That **BARTON** is informed and believes that **ALSTATE PROPERTY** was and is a corporation authorized to do business under the insurance laws of the State of Ohio

(4)     That at all times material hereto **ALLSATE PROPERTY** insured the property and building(s) described in paragraph number one against risk of loss due to fire. A copy of said policy cannot be attached as **BARTON** does not have a certified copy of said policy.

(5)     That said policy insured the building(s)/improvement(s) on the premises for replacement cost in the event of fire or explosion

(6)     That on January 7, 2017, while **ALLSTATE PROPERTY'S** insurance policy was in full force and effect, the building(s)/improvement(s) on the aforementioned property was totally destroyed by fire along with some of **BARTON'S** personal property

(7)     That the fire did not occur from any of the causes excluded under the policy of fire insurance

(8)     That under said policy of insurance **ALLSATE PROPERTY** insured. the building(s)/improvement(s) on the property for its replacement cost which **ALLSTATE PROPERTY** determined to be $195,559.00 with all of the foregoing to **BARTON'S** damage and loss

(9)     That the actual cash value of the improved real estate at the time of said fire was $28,780.00 with all of the foregoing to **BARTON'S** damage and loss

(10)     That the actual cash value of the personal property lost in said fire by **BARTON** was in excess of $25,000.00 with all of the foregoing to **BARTON'S** damage and loss

(11)     That the amount due from **ALLSTATE PROPERTY** for additional living expenses at the time of the fire is $19,559.00 with all of the foregoing to **BARTON'S** damage and loss

(12)     That an additional amount due from **ALLSTATE PROPERTY** is $8,405.00 which was the cost incurred to demolish and clean up the damaged property with all of the foregoing to **BARTON'S** damage and loss

(13)     That **BARTON** timely notified **ALLSTATE PROPERTY** of the fire and loss pursuant to the terms of the policy

(13)     That **BARTON** provided **ALLSTATE PROPERTY** with a proof of loss within the time prescribed by said policy of insurance for the losses and damages she suffered in the fire

(14)     That **BARTON** is informed and believes that **ALSTATE PROPERTY'S** policy of insurance does not require mandatory arbitration of the matters described in the complaint.

(15)     That **BARTON** does not desire arbitration

(16)     That if the policy requires mandatory arbitration then this complaint shall serve as the demand for the same if, and only if, the policy requires mandatory arbitration.

(17)     That **BARTON** has performed all conditions precedent required of her to be performed by the aforementioned policy of insurance

(18)     That despite **BARTON'S** demands for payment of her losses and damages suffered in the fire **ALLSTATE PROPERTY** has failed and refuses to pay **BARTON** the amount of damage and loss suffered by her, as heretofore alleged, rejecting her claim and demand for compensation under the policy of insurance

(19)     That as a direct and proximate result thereof **BARTON** has been damaged in an amount in excess of $25,000.00 the exact amount of which must be determined by a jury

## COUNT TWO

Now comes **BARTON** and states as follows for count two of her complaint against **OCWEN LOAN SERVICING LLC (OCWEN); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** solely as nominee for **PEOPLE's CHOICE HOME LOAN, INC. (MERS);**

**HSBC BANK USA, NATIONAL ASSOCIATION** as indenture Trustee for **PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2005-2 at OCWEN LOAN SERVICING LLC (HSBC); and PEOPLE'S CHOICE HOME LOAN, INC (PEOPLE'S)**

(20)     That **BARTON** incorporates all of the allegations set forth in count one of this complaint as if they were specifically rewritten herein

(21)     That at the time of the aforementioned fire **OCWEN, MERS, HSBC** and/or **PEOPLE'S** held and/or claims to have held mortgages and liens on the property described in count one of this complaint

(22)     That one or more of them are named as insured's in **ALLSTATE PROPERTY'S** policy of insurance

(23) · That as a result of their status as mortgage/lien holders and/or named insureds in **ALLSTATE PROPERTY'S** policy of insurance **OCWEN, MERS, HSBC** and/or **PEOPLE'S** may have a claim to some of the insurance proceeds of said policy for the fire previously described

(24) That **OCWEN, MERS, HSBC** and/or **PEOPLE'S** should be required to assert their claims, if any, to the insurance proceeds or forever lose any claim to those proceeds if they fail to respond.

## COUNT THREE

Now comes **BARTON** and states as follows for count three of her complaint against **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** (hereafter **ALLSTATE FIRE)**

(25) That **BARTON** incorporates all of the allegations of the first two counts of this complaint as if the same were specifically rewritten herein

(26) At all times material hereto **BARTON** owned a 2012 Jeep Compass Latitude that was on the property described in count one of the complaint at the time of the fire

(27) That **BARTON** is informed and believes that **ALSTATE FIRE** was and is a corporation authorized to do business under the insurance laws of the State of Ohio

(28) That at all times material hereto **ALLSATE FIRE** insured said Jeep against all risks of loss, including fire. A copy of said policy cannot be attached as **BARTON** does not have a certified copy of said policy.

(29) That on January 7, 2017, while **ALLSTATE FIRE'S** insurance policy was in full force and effect, the above described Jeep was totally destroyed in said fire

(30) That the fire did not occur from any of the causes excluded from coverage under the policy of insurance

(31)     That as a direct and proximate cause of said fire and the total destruction of the Jeep **BARTON** has been damaged in the amount of $13,000.00

(32)     That under **ALLSATE FIRE'S** policy of insurance **ALLSATE FIRE** owes **BARTON** this amount plus interest and any added fees that **BARTON** has and/or will hereafter incur

(33)     That **BARTON** timely notified **ALLSTATE FIRE** of the fire and loss pursuant to the terms of the policy

(34)     That **BARTON** provided **ALLSTATE FIRE** with a proof of loss within the time prescribed by said policy of insurance for the losses and damages she suffered in the fire

(35)     That **BARTON** is informed and believes that **ALSTATE FIRE'S** policy of insurance does not require mandatory arbitration of the matters described in the complaint.

(36)     That **BARTON** does not desire arbitration

(37)     That if the policy requires mandatory arbitration then this complaint shall serve as the demand for the same if, and only if, the policy requires mandatory arbitration.

(38)     That **BARTON** has performed all conditions precedent required of her to be performed by the aforementioned policy of insurance

(39)     That despite **BARTON'S** demands for payment of her losses and damages suffered in the fire **ALLSTATE FIRE** has failed and refuses to pay **BARTON** the amount of damage and loss suffered by her, as heretofore alleged, rejecting her claim and demand for compensation under the policy of insurance

(40)     That as a direct and proximate result thereof **BARTON** has been damaged in an amount in excess of $25,000.00 the exact amount of which must be determined by a

## COUNT FOUR

Now comes **BARTON** and states as follows for her complaint against **ALLY**

(41)    That **BARTON** incorporates all of the allegations set forth in count one of this complaint as if they were specifically rewritten herein

(42)    That at the time of the aforementioned fire **ALLY** held and/or claims to have held an interest in the aforementioned Jeep as a lienholder

(43)    That **BARTON** is informed and believes that **ALLY** is named as an insured in **ALLSTATE FIRE'S** policy of insurance

(44)    That as a result of their status as a lien holders and/or named insured in **ALLSTATE FIRE'S** policy of insurance **ALLY** may have a claim to some of the insurance proceeds of said policy for the fire previously described

(45)    That **ALLY** should be required to assert its claims, if any, to the insurance proceeds or forever lose any claim to those proceeds if they fail to respond.

## COUNT FIVE

Now comes **BARTON** and states as follows for count five of her complaint against **ALLSTATE PROPERTY**

(46)    **BARTTON** incorporates all of the allegations of the previous counts of this complaint as if the same were specifically rewritten herein

(47)    That **ALLSTATE PROPERTY** had a duty to act in good faith in the handling and payment of **BARTON'S** claims

(48)    That **ALLSTATE PROPERTY** intentionally, negligently, recklessly and/or carelessly breached this duty of care as its refusal to pay **BARTON'S** claim was not predicated

upon circumstances and facts that furnish reasonable justification for its refusal of **BARTON'S** claims.

(49)     That as a direct and proximate result of the foregoing **BARTON** has been damaged in an amount in excess of $25,000.00, the exact amount of which must be determined by a jury

## COUNT SIX

Now comes **BARTON** and states as follows for the sixth count of her complaint against **ALLSTATE PROPERTY**

(50)     **BARTON** incorporates all of the allegations of the previous count sof this complaint as if the same were specifically rewritten herein

(51)     That punitive damages and reasonable attorney fees should be paid by **ALLSTATE PROPERTY** to **BARTON** as **BARTON** is informed and believes that the insurer was motivated by actual malice, fraud or insult in refusing **BARTON'S** claims with all of the foregoing to **BARTON'S** damage in an amount in excess of $25,000.00 the exact amount of which must be determined

## COUNT SEVEN

Now comes **BARTON** and states as follows for count seven of her complaint against **ALLSTATE FIRE**

(52)     **BARTTON** incorporates all of the allegations of the previous counts of this complaint as if the same were specifically rewritten herein

(53)     That **ALLSTATE FIRE** had a duty to act in good faith in the handling and payment of **BARTON'S** claims

(54)    That **ALLSTATE FIRE** intentionally, negligently, recklessly and/or carelessly breached this duty of care as its refusal to pay **BARTON'S** claim was not predicated upon circumstances and facts that furnish reasonable justification for its refusal of **BARTON'S** claims.

(49)    That as a direct and proximate result of the foregoing **BARTON** has been damaged in an amount in excess of $25,000.00, the exact amount of which must be determined by a jury

## COUNT EIGHT

Now comes **BARTON** and states as follows for count eight of her complaint against **ALLSTATE FIRE**

(55)    **BARTON** incorporates all of the allegations of the previous count of this complaint as if the same were specifically rewritten herein

(56)    That punitive damages and reasonable attorney fees should be paid by **ALLSTATE FIRE** to **BARTON** as **BARTON** is informed and believes that the insurer was motivated by actual malice, fraud or insult in refusing **BARTON'S** claims with all of the foregoing to **BARTON'S** damage in an amount in excess of $25,000.00 the exact amount of which must be determined

**WHEREFORE BARTON** prays as follows:

(A)    For judgment against **ALLSTATE PROPERTY** in amount in excess of $25,000.00 the exact amount of which must be determined by a jury pursuant to count one of the complaint

(B)    For judgment against **ALLSTATE PROPERTY** in amount in excess of $25,000.00 the exact amount of which must be determined by a jury pursuant to count five of the complaint

(C)     For Judgment against **ALLSTATE PROPERTY** for punitive damages and a reasonable attorney fee in amount in excess of $25,000.00 the exact amount of which must be determined by a jury pursuant to count six of the complaint

(D)     For judgment against **ALLSTATE FIRE** in amount in excess of $25,000.00 the exact amount of which must be determined by a jury pursuant to count three of the complaint

(E)     For judgment against **ALLSTATE FIRE** in amount in excess of $25,000.00 the exact amount of which must be determined by a jury pursuant to count seven of the complaint

(F)     For Judgment against **ALLSTATE FIRE** for punitive damages and a reasonable attorney fee in amount in excess of $25,000.00 the exact amount of which must be determined by a jury pursuant to count eight of the complaint

(G)     For an Order requiring **OCWEN, MERS, HSBC, PEOPLE'S** and **ALLY** to assert their interests, if any, in any proceeds of insurance due hereunder or forever lose the same

(H)     For her costs, a reasonable attorney fee and for such other and further relief to which **BARTON** mat be entitled.

Daniel H. Grna
Attorney for Plaintiff


## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised in the Complaint.

Daniel H. Grna
Attorney for Plaintiff

## IN THE COURT OF COMMON PLEAS
## LUCAS COUNTY, OHIO

JANNIE BARTON,

        Plaintiff,

        v.

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY ET AL,

        Defendants.

Case No. G-4801-CI-0201705238-00

JUDGE JENNINGS

**JURY DEMAND**
**ENDORSED HEREON**

## DEFENDANT ALLY FINANCIAL INC.'S
## ANSWER TO THE COMPLAINT WITH JURY DEMAND OF
## JANNIE BARTON

Defendant Ally Financial Inc. ("Ally Financial") for its Answer to the Complaint with Jury Demand of Plaintiff Jannie Barton ("Ms. Barton" and/or "Plaintiff") states as follows:

### FIRST DEFENSE

1.    Ally Financial states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 through the first Paragraph 13 and the allegations contained in the second Paragraph 13 through Paragraph 19.

2.    For its answer to Paragraph 20, Ally Financial realleges, restates, and incorporates by reference its admissions, denials and other responses, as if fully restated herein, contained in Paragraph 1 of this Answer.

3.    Ally Financial states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 through Paragraph 24.

4.    For its answer to Paragraph 25, Ally Financial realleges, restates, and incorporates by reference its admissions, denials and other responses, as if fully restated herein, contained in Paragraphs 1 through 3 of this Answer.

1

5.      For its answer to Paragraph 26 through Paragraph 40, Ally Financial states that Ms. Barton purchased a 2012 Jeep Compass, bearing VIN No. 1C4NJDEB4CD577762 (the "Vehicle") from Yark Automotive Group, Inc. ("Dealer") on or about July 22, 2013 and executed a Retail Installment Sale Contract ("RISC") in connection with the purchase.  A true and accurate copy of the RISC is attached as Exhibit 1 to this Answer.  Further answering, pursuant to the RISC, Ally Financial has a fully enforceable and valid first and best priority lien in the Vehicle.  Further answering, under the RISC, Ms. Barton was required to have physical damage insurance on the Vehicle at all times and to name Ally Financial as an "additional insured" and "loss payee" under any and all such physical damage insurance policies.  Further answering, to the extent Ms. Barton has any insurance policy ensuring the Vehicle, including, but not limited to, through Allstate Fire and Casualty Insurance Company ("Allstate Fire"), Ally Financial is entitled to be fully paid all amounts owed to Ally Financial under the RISC through all such insurance policy proceeds, including, but not limited to, any such insurance proceeds that would otherwise be payable to Ms. Barton, and Ally Financial hereby respectfully asserts its rights and claims in any and all such insurance policies and/or insurance policy proceeds to the extent they exist.   Further answering, Ally Financial states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 through Paragraph 40.

6.      For its answer to Paragraph 41, Ally Financial realleges, restates, and incorporates by reference its admissions, denials and other responses, as if fully restated herein, contained in Paragraphs 1 through 5 of this Answer.

7.      For its answer to Paragraph 42 through Paragraph 45, Ally Financial states that Ms. Barton purchased the Vehicle from Dealer on or about July 22, 2013 and executed the RISC

in connection with the purchase. A true and accurate copy of the RISC is attached as Exhibit 1 to this Answer. Further answering, pursuant to the RISC, Ally Financial has a fully enforceable and valid first and best priority lien in the Vehicle. Further answering, under the RISC, Ms. Barton was required to have physical damage insurance on the Vehicle at all times and to name Ally Financial as an "additional insured" and "loss payee" under any and all such physical damage insurance policies. Further answering, to the extent Ms. Barton has any insurance policy ensuring the Vehicle, including, but not limited to, through Allstate Fire, Ally Financial is entitled to be fully paid all amounts owed to Ally Financial under the RISC through all such insurance policy proceeds, including, but not limited to, any such insurance policy proceeds that would otherwise be payable to Ms. Barton, and Ally Financial hereby respectfully asserts its rights and claims in any such insurance policies and/or insurance policy proceeds to the extent they exist. Further answering, Ally Financial states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 through Paragraph 45.

8.     For its answer to Paragraph 46, Ally Financial realleges, restates, and incorporates by reference its admissions, denials and other responses, as if fully restated herein, contained in Paragraphs 1 through 7 of this Answer.

9.     Ally Financial states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 through the first Paragraph 49.

10.     For its answer to Paragraph 50, Ally Financial realleges, restates, and incorporates by reference its admissions, denials and other responses, as if fully restated herein, contained in Paragraphs 1 through 9 of this Answer.

11.     Ally Financial states it is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 51.

12.     For its answer to Paragraph 52, Ally Financial realleges, restates, and incorporates by reference its admissions, denials and other responses, as if fully restated herein, contained in Paragraphs 1 through 11 of this Answer.

13.     Ally Financial states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, Paragraph 54, and the second Paragraph 49.

14.     For its answer to Paragraph 55, Ally Financial realleges, restates, and incorporates by reference its admissions, denials and other responses, as if fully restated herein, contained in Paragraphs 1 through 13 of this Answer.

15.     Ally Financial states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

### SECOND DEFENSE

16.     The Complaint fails to state any claim against Ally Financial upon which relief can be granted.

### THIRD DEFENSE

17.     Plaintiff has failed to join necessary and/or indispensable parties.

### FOURTH DEFENSE

18.     Ally Financial reserves the right to assert any and all affirmative defenses and/or claims which discovery may hereafter reveal to be appropriate.

WHEREFORE, having fully answered Ms. Barton's Complaint, to the extent Ms. Barton has any insurance policies ensuring the Vehicle, Ally Financial demands that it be fully paid all amounts owed to Ally Financial under the RISC through all such insurance policy proceeds,

including, but not limited to, any such insurance policy proceeds that would otherwise be payable to Ms. Barton; that Ally Financial additionally recover its costs and expenses incurred herein; and that the Court grant it other and further relief as the Court may deem just and proper.

### CROSS-CLAIM OF DEFENDANT ALLY FINANCIAL INC. AGAINST CO-DEFENDANTS ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

Defendant Ally Financial Inc. ("Ally Financial"), by and through counsel, for its cross-claim against co-defendants Allstate Property and Casualty Insurance Company ("Allstate Property") and Allstate Fire and Casualty Insurance Company ("Allstate Fire"), states as follows:

1.       Ally Financial incorporates, as if fully set forth herein, the allegations in Ms. Barton's Complaint and the statements contained in Ally Financial's above Answer to Ms. Barton's Complaint, as if fully rewritten herein.

2.       To the extent Ms. Barton has any insurance policy ensuring the Vehicle through Allstate Property and/or Allstate Fire, Ally Financial respectfully requests a declaratory judgment and order be entered by this Court that Ally Financial is to be fully paid all amounts owed to Ally Financial under the RISC through any such Allstate Property and/or Allstate Fire insurance policy proceeds, including, but not limited to, any such insurance policy proceeds that would otherwise be payable to Ms. Barton.

### COUNTERCLAIM OF DEFENDANT ALLY FINANCIAL INC. AGAINST PLAINTIFF JANNIE BARTON

1.       Ally Financial restates and incorporates by reference the admissions and factual statements in Ms. Barton's Complaint and Ally Financial's Answer to Ms. Barton's Complaint, above, as if fully rewritten herein.

2. Ally Financial took assignment of the RISC at issue, a true, accurate and complete copy of which is attached as Exhibit 1.

3. Ms. Barton has defaulted under and is in breach of the RISC, including, but not limited to, by failing to make payments to Ally Financial as required by the RISC.

4. To date, Ms. Barton has failed and continues to fail to pay Ally Financial the amount owed under the RISC, all to the detriment of Ally Financial. To date, the current principal balance due Ally Financial under the RISC is $10,150.26, plus accruing daily finance charges, late charges and all other applicable fees due and owing under the RISC.

5. Pursuant to the RISC, Ally Financial holds the first and best priority lien on the Vehicle at issue. Pursuant to the RISC, Ally Financial is entitled to immediate possession of the Vehicle upon the breach of the RISC.

### COUNT I (BREACH OF CONTRACT)

6. Ally Financial restates and incorporates by reference the allegations contained in Paragraphs 1 through 5 above of this Counterclaim, as if fully rewritten herein.

7. Ms. Barton is in default of the obligations due and owing to Ally Financial under the RISC.

8. Ms. Barton breached the RISC by failing to make the scheduled payment that matured on December 5, 2017 and all subsequent payments due and owing to Ally Financial, and by not returning the Vehicle to Ally Financial upon default.

9. As a direct and proximate cause of Ms. Barton's breach of the RISC, Ally Financial is entitled to recover from Ms. Barton the principal balance of $10,150.26, plus accruing daily finance charges, late charges, and all other applicable fees due and owing under the RISC.

6

WHEREFORE, Ally Financial demands judgment against Ms. Barton as follows:

A.   For an award of compensatory damages in an amount to be proven at trial;

B.   For Ally Financial's costs and attorneys' fees incurred in this action; and

C.   For such other relief as this Court may deem proper.

Respectfully submitted,

Joel E. Sechler (0076320)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
sechler@carpenterlipps.com

*Attorney for*
*Ally Financial Inc.*

## JURY DEMAND

Ally Financial Inc. hereby demands a jury of the maximum number of jurors allowed by law on all issues presented in the Complaint, Cross-Claim and Counterclaim triable to a jury.

*One of the Attorneys for Defendant*
*Ally Financial Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served this 22nd day of January, 2018, by

regular U.S. Mail on:

Daniel H. Grna, Esq.
Adray & Grna
Post Office Box 1686
Toledo, Ohio 43613
*Attorneys for Plaintiff*

Ocwen Loan Servicing LLC
1661 Worthington, Suite 100
West Palm Beach, Florida 33409

People's Choice Home Loan, Inc.
7515 Irvine Center Drive
Irvine, California 92618

Allstate Property and Casualty Insurance Company
c/o CT Corporation Resident Agent
4400 Easton Commons Way
Columbus, Ohio 43219

Allstate Fire and Casualty Insurance Company
c/o CT Corporation Resident Agent
4400 Easton Commons Way
Columbus, Ohio 43219

Mortgage Electronic Registration Systems, Inc.
Solely as Nominee for People's Choice Home Loan, Inc.
Post Office Box 2026
Flint, Michigan 48501

HSBC Bank USA, National Association
Indenture Trustee for People's Choice Home Loan
Securities Trust Series 2005-2 at Ocwen Loan
Servicing LLC
1661 Worthington, Suite 100
West Palm Beach, Florida 33409

*One of the Attorneys for*
*Ally Financial Inc.*

296:372:712689

8

# EXHIBIT 1

**RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE**

DEALER NUMBER _____ CONTRACT NUMBER _____ DEAL# 256059

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| | | YARK AUTOMOTIVE GROUP |
| | | TOLEDO, OH 43615 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Mileage | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2012 | JEEP COMPASS | 1C4NJDEB4CD577762 | | |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ |
|---|---|---|---|---|
| % | $ | $ 20059.89 | $ 24593.25 | $ 24593.25 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 341.95 | Monthly beginning 09/06/2012 |
| One Final Payment | | |

**ITEMIZATION OF AMOUNT FINANCED**

| 1 Cash price of vehicle, accessories and taxes | $ 22189.39 |
|---|---|
| 2 Other charges including amounts paid to others on your behalf | |
| A Cost of optional service contract | N/A |
| B Government license and registration fees | |
| C Government documentary fee | 250.00 |
| D Net trade-in payin to | 15.00 |
| E Optional title | N/A |
| F Compensation fee | 818.00 |
| G Compensation fee | 230.00 |
| H Other charges | N/A |
| Theft deterrent | 583.00 |

Total downpayment $ 3670.50
Total cash price $ 20059.89

THIS CONTRACT CONTAINS a simple interest contract on paper to be retained until paid in full by you under this contract.

OPTIONAL GAP CONTRACT.

**ORIGINAL, LIENHOLDER**

LUCAS COUNTY
01/29/2018 04:02 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK

17-18899  January 29, 2018 JLSUB5691 0

Attorneys for Defendants, Allstate Property and Casualty Insurance
Company and Allstate Fire and Casualty Insurance Company

## IN THE COURT OF COMMON PLEAS
## LUCAS COUNTY, OHIO

JANNIE BARTON                              :        CASE NO. G-4801-CI-0201705238-000

    Plaintiff.                           :        Judge Linda J. Jennings

    vs.                                  :

ALLSTATE PROPERTY AND CASUALTY  :        **ANSWER OF DEFENDANT TO**
INSURANCE COMPANY, et al.                  **PLAINTIFF'S COMPLAINT**
                                         :

    Defendants.
                                         :

Comes now Defendant, Allstate Vehicle and Property Insurance Company, by and

through its undersigned counsel, and for its Answer to the Plaintiff's Complaint does hereby

state as follows:

### COUNT ONE

1.     Defendant admits the allegations contained in Paragraph 1 of Plaintiff's

Complaint.

2.     Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint

for want of information sufficient to form a belief as to their truth.

3.     Defendant denies the allegations contained in Paragraph 3 of Plaintiff's

Complaint.

4.     Defendant denies the allegations contained in Paragraph 4 of Plaintiff's

Complaint.

5.     Defendant denies the allegations contained in Paragraph 5 of Plaintiff's

Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits that it insured the Plaintiff's property for $195,559, subject to the terms and conditions of the insurance policy, and otherwise denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

10.      Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

11.      Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

12.      Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

13.      Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

13(sic). Defendant denies the allegations contained in Paragraph 13(sic) of Plaintiff's Complaint.

14.      Defendant admits that the policy of insurance does not require mandatory arbitration, but otherwise denies the allegations contained in Paragraph 14 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

- 2 -

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

16.     No response required.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT TWO

20.     Defendant realleges Paragraphs 1 through 20 of this Answer in answer to Paragraph 21 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

22.     Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT THREE

25.     Defendant realleges Paragraphs 1 through 24 of this Answer in answer to Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

36.     Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

37.     No response required.

- 4 -

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## COUNT FOUR

41.     Defendant realleges Paragraphs 1 through 40 of this Answer in answer to Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

## COUNT FIVE

46.     Defendant realleges Paragraphs 1 through 45 of this Answer in answer to Paragraph 46 of Plaintiff's Complaint.

47.     Defendant admits that it had a duty to act in good faith in the handling of Plaintiff's insurance claim, subject to the terms and conditions of the insurance policy.

48.    Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.    Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## COUNT SIX

50.    Defendant realleges Paragraphs 1 through 49 of this Answer in answer to Paragraph 50 of Plaintiff's Complaint.

51.    Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## COUNT SEVEN

52.    Defendant realleges Paragraphs 1 through 51 of this Answer in answer to Paragraph 52 of Plaintiff's Complaint.

53.    Defendant admits that it had a duty to act in good faith in the handling of Plaintiff's insurance claim, subject to the terms and conditions of the insurance policy.

54.    Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

49.(sic) Defendant denies the allegations contained in Paragraph 49(sic) of Plaintiff's Complaint.

## COUNT EIGHT

55.    Defendant realleges Paragraphs 1 through 49(sic) of this Answer in answer to Paragraph 55 of Plaintiff's Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

- 6 -

## AFFIRMATIVE DEFENSES

57.     The Complaint fails to state a claim upon which relief can be granted.

58.     The alleged injuries and damages were caused or contributed to by the actions of third-parties or other circumstances which constitute intervening or superseding causes.

59.     Parties or entities needed for just adjudication of the within controversy have not been joined in the Complaint.

60.     Indispensable and/or necessary parties have not been joined in the Complaint.

61.     The Plaintiff is estopped from presenting the claims in the Complaint.

62.     The Plaintiff's fraudulent and/or intentional acts bar the Plaintiff's claims.

63.     Plaintiff failed to perform conditions precedent to the effectiveness of the contract.

64.     Plaintiff misrepresented material facts pertinent to the claim investigation in violation of the policy terms.

**WHEREFORE**, Defendant, Allstate Vehicle and Property Insurance Company, prays that the Complaint be dismissed at cost to Plaintiff and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ J. Patrick Schomaker, Esq.**

J. Patrick Schomaker, Esq. (0076488)
James J. Birch, Esq. (0092767)
Smith, Rolfes & Skavdahl Company, LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202
Phone: (513) 579-0080
Fax: (513) 579-0222
pschomaker@smithrolfes.com
jbirch@smithrolfes.com
*Attorneys for Defendants, Allstate Property and*
*Casualty Insurance Company and Allstate Fire*
*and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Notice of Removal was served this 29th day of January, 2018, via electronic/regular mail, upon the following:

Daniel H. Grna, Esq.
Adray & Grna
P.O. Box 1686
Toledo, Ohio  43613-1686
*Attorney for Plaintiff*

Joel E Sechler, Esq.
Carpenter Lipps & Leland LLP
280 North High Street
Columbus, Ohio  43215
*Attorney for Defendant, Ally*

Ocwen Loan Servicing LLC
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, Michigan  48501
*Defendant*

HSBC Bank USA, National Association
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

- 8 -

People's Choice Home Loan, Inc.
7515 Irvine Center Drive
Irvine, California  92618
*Defendant*

                                          **/s/ J. Patrick Schomaker, Esq.**
                                          J. Patrick Schomaker, Esq.

17-18899 January 30, 2018 JPS/JJB:cmm
Attorneys for Defendants, Allstate Property and Casualty Insurance
Company and Allstate Fire and Casualty Insurance Company

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| JANNIE BARTON | : | CASE NO. G-4801-CI-0201705238-000 |
| Plaintiff. | : | Judge Linda J. Jennings |
| vs. | : | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, et al. | : | **NOTICE OF FILING AMENDED ANSWER OF DEFENDANTS, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** |
| Defendants. | : | |
| | : | |

PLEASE TAKE NOTICE that Defendants, Allstate Property and Casualty Insurance Company and Allstate Fire and Casualty Insurance Company, by and through their undersigned counsel, have filed an Amended Answer to Plaintiff's Complaint. The original contained typographical errors which have been corrected.

Respectfully submitted,

**/s/ J. Patrick Schomaker, Esq.**

J. Patrick Schomaker, Esq. (0076488)
James J. Birch, Esq. (0092767)
Smith, Rolfes & Skavdahl Company, LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202
Phone: (513) 579-0080
Fax: (513) 579-0222
pschomaker@smithrolfes.com
jbirch@smithrolfes.com
*Attorneys for Defendants, Allstate Property and Casualty Insurance Company and Allstate Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Notice of Filing was served this 30th day of January, 2018, via electric and/or regular mail, upon the following:

Daniel H. Grna, Esq.
Adray & Grna
P.O. Box 1686
Toledo, Ohio  43613-1686
*Attorney for Plaintiff*

Joel E Sechler, Esq.
Carpenter Lipps & Leland LLP
280 North High Street, Suite 1300
Columbus, Ohio  43215
*Attorney for Defendant, Ally*

Ocwen Loan Servicing LLC
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, Michigan  48501
*Defendant*

HSBC Bank USA, National Association
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

People's Choice Home Loan, Inc.
7515 Irvine Center Drive
Irvine, California  92618
*Defendant*

/s/ **J. Patrick Schomaker, Esq.**
J. Patrick Schomaker, Esq.

- 2 -

**17-18899  January 19, 2018** JPS/JJB:emm
Attorneys for Defendants, Allstate Property and Casualty Insurance
Company and Allstate Fire and Casualty Insurance Company

## IN THE COURT OF COMMON PLEAS
## LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| JANNIE BARTON | : | CASE NO. G-4801-CI-0201705238-000 |
| Plaintiff. | : | Judge Linda J. Jennings |
| vs. | : | **AMENDED ANSWER OF** |
| | | **DEFENDANTS, ALLSTATE** |
| ALLSTATE PROPERTY AND CASUALTY | : | **PROPERTY AND CASUALTY** |
| INSURANCE COMPANY, et al. | | **INSURANCE COMPANY AND** |
| | : | **ALLSTATE FIRE AND CASUALTY** |
| Defendants. | | **INSURANCE COMPANY, TO** |
| | : | **PLAINTIFF'S COMPLAINT** |

Come now Defendants, Allstate Property and Casualty Insurance Company and Allstate

Fire and Casualty Insurance Company, by and through their undersigned counsel, and for their

Answer to the Plaintiff's Complaint, hereby state as follows:

### COUNT ONE

1.      Defendants admit the allegations contained in Paragraph 1 of Plaintiff's
Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint
for want of information sufficient to form a belief as to their truth.

3.      Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Defendants admit that they insured the Plaintiff's property for $195,559, subject to the terms and conditions of the insurance policy, and otherwise deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

9.     Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

11.     Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

12.     Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

13.     Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

13(sic). Defendants deny the allegations contained in Paragraph 13(sic) of Plaintiff's Complaint.

14.     Defendants admit that the policy of insurance does not require mandatory arbitration, but otherwise deny the allegations contained in Paragraph 14 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

16.     No response required.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT TWO

20.     Defendants reallege Paragraphs 1 through 19 of this Answer in answer to Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

22.     Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT THREE

25.     Defendants reallege Paragraphs 1 through 24 of this Answer in answer to Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

37.     No response required.

38.     Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## COUNT FOUR

41.     Defendants reallege Paragraphs 1 through 40 of this Answer in answer to Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

## COUNT FIVE

46.     Defendants reallege Paragraphs 1 through 45 of this Answer in answer to Paragraph 46 of Plaintiff's Complaint.

47.     Defendants admit that it had a duty to act in good faith in the handling of Plaintiff's insurance claim, subject to the terms and conditions of the insurance policy.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## COUNT SIX

50.     Defendants reallege Paragraphs 1 through 49 of this Answer in answer to Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## COUNT SEVEN

52.     Defendants reallege Paragraphs 1 through 51 of this Answer in answer to Paragraph 52 of Plaintiff's Complaint.

53.     Defendants admit that it had a duty to act in good faith in the handling of Plaintiff's insurance claim, subject to the terms and conditions of the insurance policy.

54.     Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

49.(sic) Defendants deny the allegations contained in Paragraph 49(sic) of Plaintiff's Complaint.

## COUNT EIGHT

55.     Defendants reallege Paragraphs 1 through 49(sic) of this Answer in answer to Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

57.     The Complaint fails to state a claim upon which relief can be granted.

58.     The alleged injuries and damages were caused or contributed to by the actions of third-parties or other circumstances which constitute intervening or superseding causes.

59.     Parties or entities needed for just adjudication of the within controversy have not been joined in the Complaint.

60.     Indispensable and/or necessary parties have not been joined in the Complaint.

61.     The Plaintiff is estopped from presenting the claims in the Complaint.

62.     The Plaintiff's fraudulent and/or intentional acts bar the Plaintiff's claims.

63.     Plaintiff failed to perform conditions precedent to the effectiveness of the contract.

64.     Plaintiff misrepresented material facts pertinent to the claim investigation in violation of the policy terms.

**WHEREFORE**, Defendants, Allstate Property and Casualty Insurance Company and Allstate Fire and Casualty Insurance Company, pray that the Complaint be dismissed at cost to Plaintiff and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ J. Patrick Schomaker, Esq.**
J. Patrick Schomaker, Esq. (0076488)
James J. Birch, Esq. (0092767)
Smith, Rolfes & Skavdahl Company, LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202
Phone: (513) 579-0080
Fax: (513) 579-0222
pschomaker@smithrolfes.com
jbirch@smithrolfes.com
*Attorneys for Defendants, Allstate Property and Casualty Insurance Company and Allstate Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Notice of Removal was served this 30th day of January, 2018, via electronic/regular mail, upon the following:

Daniel H. Grna, Esq.
Adray & Grna
P.O. Box 1686
Toledo, Ohio  43613-1686
*Attorney for Plaintiff*

Joel E Sechler, Esq.
Carpenter Lipps & Leland LLP
280 North High Street
Columbus, Ohio  43215
*Attorney for Defendant, Ally*

Ocwen Loan Servicing LLC
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, Michigan  48501
*Defendant*

HSBC Bank USA, National Association
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

People's Choice Home Loan, Inc.
7515 Irvine Center Drive
Irvine, California  92618
*Defendant*

**/s/ J. Patrick Schomaker, Esq.**
J. Patrick Schomaker, Esq.

17-18899  January 30, 2018  JPS/JJB:cmm
Attorneys for Defendants, Allstate Property and Casualty Insurance
Company and Allstate Fire and Casualty Insurance Company

## IN THE COURT OF COMMON PLEAS
## LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| JANNIE BARTON | : | CASE NO. G-4801-CI-0201705238-000 |
| Plaintiff. | : | Judge Linda J. Jennings |
| vs. | : | **ANSWER OF DEFENDANTS,** |
| | | **ALLSTATE PROPERTY AND** |
| ALLSTATE PROPERTY AND CASUALTY | : | **CASUALTY INSURANCE** |
| INSURANCE COMPANY, et al. | | **COMPANY AND ALLSTATE FIRE** |
| | : | **AND CASUALTY INSURANCE** |
| Defendants. | | **COMPANY, TO CO-DEFENDANT,** |
| | : | **ALLY FINANCIAL INC.'S, CROSS-** |
| | : | **CLAIM** |

Come now Defendants, Allstate Property and Casualty Insurance Company and Allstate Fire and Casualty Insurance Company, by and through their undersigned counsel, and for their Answer to the Co-Defendant, Ally Financial Inc.'s, Cross-Claim, hereby state as follows:

1.    No response required.

2.    Defendants deny the allegations contained in Paragraph 2 of Co-Defendant's Cross-Claim for want of information sufficient to form a belief as to their truth.

### AFFIRMATIVE DEFENSES

3.    The Defendants reallege any and all defenses contained in their Amended Answer to the Complaint that may be applicable to the Co-Defendant's Cross-Claim.

**WHEREFORE,** Defendants, Allstate Vehicle and Property Insurance Company and Allstate Fire and Casualty Insurance Company, pray that Co-Defendant, Ally Financial Inc.'s, Cross-Claim be dismissed at cost to Co-Defendant and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ J. Patrick Schomaker, Esq.**

J. Patrick Schomaker, Esq. (0076488)
James J. Birch, Esq. (0092767)
Smith, Rolfes & Skavdahl Company, LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202
Phone: (513) 579-0080
Fax: (513) 579-0222
pschomaker@smithrolfes.com
jbirch@smithrolfes.com
*Attorneys for Defendants, Allstate Property and*
*Casualty Insurance Company and Allstate Fire*
*and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer to Cross-Claim was served this 1st day of February, 2018, via electronic/regular mail, upon the following:

Daniel H. Grna, Esq.
Adray & Grna
P.O. Box 1686
Toledo, Ohio  43613-1686
*Attorney for Plaintiff*

Joel E Sechler, Esq.
Carpenter Lipps & Leland LLP
280 North High Street
Columbus, Ohio  43215
*Attorney for Defendant, Ally*

Ocwen Loan Servicing LLC
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, Michigan  48501
*Defendant*

HSBC Bank USA, National Association
1661 Worthington, Suite 100
West Palm Beach, Florida  33409
*Defendant*

- 2 -

People's Choice Home Loan, Inc.
7515 Irvine Center Drive
Irvine, California  92618
*Defendant*

**/s/ J. Patrick Schomaker, Esq.**
J. Patrick Schomaker, Esq.